UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-239 (SRN/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON DEFENDANT'S** |
| v. ) | **MOTION FOR PRETRIAL** |
| ) | **RELEASE** |
| ARON AVRAM SHAMILOV, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the defendant's motion for release pending sentencing [Doc. No. 36].

Based on the record before the Court, the Court concludes that the defendant has failed to demonstrate by clear and convincing evidence that there are conditions or a combination of conditions of bond that will reasonably ensure the defendant's appearance in court and the safety of the community. Accordingly, the Court hereby denies the defendant's motion for release pending sentencing.

FINDINGS OF FACT

On August 28, 2017, defendant Aron Avram Shamilov was charged by complaint with one count of impersonating a federal officer, in violation of Title 18 U.S.C. § 912. On August 30, 2017, the defendant made his first appearance on the complaint before the Honorable Becky R. Thorson. The following day, September 1, 2017, after a detention hearing before the Honorable Becky R. Thorson, Shamilov was released and placed on pretrial supervision with a number of conditions, including home detention. He was, however, permitted to leave his residence for employment purposes.

During the course of his pretrial supervision, Shamilov informed his supervising Pretrial Services Officer, Officer Krystal Taylor, that he had obtained employment as an executive chef at a restaurant in Minnetonka, Minnesota. Shamilov provided Officer Taylor with a letter purportedly from the restaurant confirming his employment. According to the letter, Shamilov began his employment with the restaurant on or about October 16, 2017. Based on his representations to Pretrial Services regarding employment, Shamilov was permitted to leave his house to go to work.

Pretrial Services reviewed data from Shamilov's location monitoring (GPS) device, interviewed supervisors at the restaurant at which Shamilov purportedly worked, and conducted in-person surveillance at the restaurant. They discovered that Shamilov had lied about his employment. Pretrial Services also concluded that the letter confirming his employment at the restaurant was a forgery.

In response to the defendant's failure to abide by his conditions of release, including his attempt to perpetrate a fraud upon the Probation Office, on November 3, 2017, the Court revoked the defendant's release and the defendant was placed in pretrial detention. The defendant's actions on release represent an unfortunate extension of his previous criminal conduct – including the offense to which he pleaded guilty before this Court on November 13, 2017. In addition to the present offense, the defendant also has amassed a significant criminal history over a relatively short time span that includes many instances of fraudulent conduct. Finally, he also has demonstrated a pattern of failing to appear in court when required to do so.

On January 25, 2018, the defendant filed a motion seeking his release.

2

## DISCUSSION

The defendant's motion seeking release from pretrial detention was filed on January 25, 2018, after he entered a plea of guilty to the instant offense. Accordingly, the Court is obliged to apply Title 18 U.S.C. § 3143, which provides that "the judicial officer shall order that a person who has been found guilty of an offense and is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(a)(1). In other words, following a guilty plea, there is a presumption in favor of detention and the burden shifts to the defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger. *See United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993) (stating that "[a] convicted person awaiting sentence is no longer . . . presumptively entitled to his freedom," and citing § 3143(a) for the proposition that there is a "presumption of detention pending sentence"); *see also United States v. Jacob*, 767 F.2d 505, 507 (8th Cir. 1985) (noting that § 3143 "place[s] the burden on the defendant to show, not merely by a preponderance, but by 'clear and convincing evidence,' a greater than normal burden of proof, that he is not likely to flee or pose a danger to the safety of any other person or the community if released").

The Court finds that the defendant has failed to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the community. In fact, the defendant has failed to produce (1) any evidence that would permit the Court to

make the finding he seeks or (2) any material change in circumstances that warrants revisiting the previous detention order.

## **CONCLUSION**

Based upon the evidence presented, the Court concludes that the defendant has NOT shown by clear and convincing the evidence that any condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court or the safety of the community.  Accordingly,

IT IS HEREBY ORDERED that the motion by the defendant for release from pretrial release is DENIED.

Dated: February 2, 2018                              s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Court

4